UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SUNSCREEN MIST HOLDINGS, LLC,

                Plaintiff,                **ORDER DISMISSING MOTION**
                                                          **WITHOUT PREJUDICE**
       - against -                       19-CV-835 (PKC) (SJB)

SNAPPYSCREEN, INC.,

                Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On March 14, 2018, Plaintiff Sunscreen Mist Holdings, LLC ("Plaintiff") initiated this action against three defendants, including Defendant Snappyscreen, Inc. ("Defendant"), in the Southern District of Florida, based on allegations of patent infringement and Lanham Act violations relating to Plaintiff's sunscreen spray booths. (*See* Dkt. 1.) On February 11, 2019, the case against Defendant was severed and transferred to this District. (*See* Dkt. 42.) On October 17, 2022, Defendant moved for summary judgment as to the only remaining claim for patent infringement. (*See* Dkt. 93.) Because that motion was filed prematurely, the Court dismisses it without prejudice to renew.

        Both parties rely heavily on the testimony of their witnesses in arguing for or against summary judgment in this case, and each side seeks to exclude testimony of the other side's witness. (*See generally* Def.'s Mot. for Summ. J. of Invalidity ("Def.'s Mot."), Dkt. 94; Pl.'s Br. in Opp'n ("Pl.'s Opp'n"), Dkt. 96.) As a result, whether there is a material factual dispute in this case depends largely on the extent to which each of those witnesses' testimony is admissible. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998) (holding that courts may only rely on admissible evidence in deciding summary judgment motions). However,

the parties have not fully set forth their arguments for the Court to resolve these issues. Thus, additional briefing on the admissibility of witness testimony is required.

This problem is particularly acute with respect to Defendant's expert witness, Michael Boyd, whose opinion is critical to each side's case. (*See*, *e.g.*, Pl.'s Opp'n, Dkt. 96, at 6–9 (questioning the reliability of Mr. Boyd and requesting exclusion of his testimony).) "Trial courts serve as gatekeepers for expert evidence and are responsible for 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Phoenix Light SF Ltd. v. Wells Fargo Bank, N.A.*, 574 F. Supp. 3d 197, 200 (S.D.N.Y. 2021) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). "Under Federal Rule of Evidence [("Rule")] 702, expert testimony is admissible where: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." *Id.*; *see also* Fed. R. Evid. 702 (setting forth criteria for determining the admissibility of expert testimony). To determine whether a proposed expert's testimony is admissible under Rule 702, courts must consider: "(1) the qualifications of the proposed expert; (2) whether each proposed opinion is based upon reliable data and reliable methodology; and (3) whether the proposed testimony would be helpful to the trier of fact." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 674 (S.D.N.Y. 2013) (citing *Nimely v. City of New York*, 414 F.3d 381, 396–97 (2d Cir. 2005)). In particular, in determining whether an expert's testimony is reliable, courts must "undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).

"Ultimately, the party offering the testimony has the burden of establishing its admissibility by a preponderance of the evidence." *Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F. Supp. 3d 328, 352 (S.D.N.Y. 2023) (citing, *inter alia*, *Daubert*, 509 U.S. at 592 n.10); Fed. R. Evid. 702 Advisory Committee's Notes.

Again, however, with respect to this material dispute, the parties have failed to fully set forth their arguments for the Court to decide whether Mr. Boyd can testify—which ordinarily would be handled through *Daubert* proceedings—particularly in light of Defendant bearing the burden to establish the admissibility of Mr. Boyd's expert testimony. (*See* Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply Br."), Dkt. 95, at 3–4 (providing only short analysis regarding Mr. Boyd's reliability).) Relatedly, the parties dispute whether Plaintiff's principal, Josh Kaplan, is being offered as an expert or lay witness (*see id.* at 1–3)—another issue the Court cannot decide on the record presented to it for summary judgment.

For this reason alone, Defendant's summary judgment motion must be dismissed without prejudice to re-filing. *See, e.g.*, *Wechsler v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 515 n.8 (S.D.N.Y. 2002) ("[I]n those situations in which the Court was obliged to deny summary judgment because of deficiencies in the submissions, [*e.g.*, "underdevelopment" of arguments regarding certain issues,] the parties may find it advisable to submit renewed summary judgment motions that more clearly, and consistently, set forth their arguments and factual contentions." (internal quotation marks and citation omitted)); *see also 523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 650 (S.D.N.Y. 2014) ("[T]he Court's rulings on the parties' applications for the exclusion of testimony and evidence significantly change the landscape of admissible evidence available for consideration. Given the significance of the Court's findings on . . . the exclusion of evidence, the parties' respective summary judgment motions are DENIED without prejudice to refiling.").

There is an additional reason that weighs in favor of dismissing the summary judgment motion for now. Defendant argues that summary judgment should be granted because Plaintiff's patent is invalid. (*See generally* Def.'s Mot., Dkt. 94.) And, despite having previously stipulated to means-plus-function claim constructions of independent Claims 1 and 17, including "means to accept payment from a user" and "means to spray the user with the stored sunscreen lotion," and despite Judge Bulsara having resolved the dispute regarding the meaning of "means to store sunscreen lotion" (*see* Am. Joint Claim Constr. Chart, Dkt. 56-2, at 1–6); *Sunscreen Mist Holdings, LLC v. SnappyScreen, Inc.*, 19-CV-835 (PKC) (SJB), 2021 WL 3076039 (E.D.N.Y. Feb. 26, 2021), *R. & R. adopted*, 2021 WL 3079703 (E.D.N.Y. July 20, 2021), the parties now seek to relitigate those settled claim constructions that are critical to determining whether Plaintiff's patent is invalid (*compare* Pl.'s Opp'n, at Dkt. 96, at 14–23, *with* Def.'s Reply Br., Dkt. 95, at 5–10). While the Court could ignore the parties' efforts to undo their prior agreement and Judge Bulsara's prior ruling, given that Defendant's motion cannot be resolved at this time for the above-discussed reasons, the Court finds that this belated disagreement should be addressed separately before any summary judgment motion is filed. *See, e.g.*, *Carotek, Inc. v. Kobayashi Ventures, LLC*, Nos. 07-CV-11163 (NRB), 08-CV-5706 (NRB), 2009 WL 2850760, at *7 (S.D.N.Y. Aug. 31, 2009) ("The issues presented in the substantive patent motions require the Court to construe the claims in the various patents at issue and make determinations of law as to their scope and validity. Such claim construction is premature. A *Markman* hearing, at which the parties could adduce evidence about the meaning of the claims through testimony as well as be fully heard, is appropriate. As a consequence, both [summary judgment] motions are dismissed, without prejudice to refiling, if necessary, after the Court has held a *Markman* hearing after all necessary discovery is completed."); *Ferring B.V. v. Serenity Pharms., LLC*, 348 F. Supp. 3d 236, 243 (S.D.N.Y. 2018)

4

("The parties dispute plausibly and in good faith the meaning of asserted claims which are the subject of an imminent *Markman* claim construction hearing. . . . A full patent infringement analysis will be conducted following the hearing[.]").

Accordingly, Defendant's summary judgment motion is denied without prejudice to renew at a later date. In the meantime, the parties will confer and advise the Court by April 10, 2024 as to how they wish to proceed with respect to resolving the above-discussed issues, which must occur before the re-filing of any summary judgment motion.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 27, 2024
      Brooklyn, New York